IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES XUEYUAN ZHU and** | § | |
| **ANGELA S. CHIOU,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-239-L-BH** |
| | § | |
| **UBS FINANCIAL SERVICES and** | § | |
| **UBS SECURITIES LLC,** | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On September 28, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 20) was entered, recommending that the court grant Defendants' Motion to Dismiss for lack of personal jurisdiction (Doc. 10) that was filed on March 24, 2022.  In support of this recommendation, the magistrate judge determined that Plaintiffs' pleadings include no factual allegations that would support the court's exercise of personal jurisdiction over Defendants based on either general or specific jurisdiction.  On October 13, 2022, pro se Plaintiffs James Xueyuan Zhu and Angela S. Chiou filed objections (Doc. 21) to the Report, to which Defendants UBS Financial Services and UBS Securities, LLC responded on October 26, 2022 (Doc. 22).

For the first time in their objections, Plaintiffs assert that "UBS has nineteen (19) offices established in the state of Texas," and the presence of these offices in Texas is sufficient to establish personal jurisdiction over "the nonresident UBS subsidiaries."  For a number of reasons, Defendants disagree that this allegation is sufficient to establish that either of them is subject to personal jurisdiction in Texas.

When, as here, personal jurisdiction is challenged by a defendant, the plaintiff "bears the burden of establishing the district court's jurisdiction over the defendant." *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (citations omitted).  When a motion to dismiss for lack of personal jurisdiction is granted without an evidentiary hearing, the plaintiff need only make a prima facie showing that personal jurisdiction is proper, *id.* at 343-44, and the court "must accept as true [the plaintiff's] uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citations omitted).  In addition to the pleadings, the court "may also consider the contents of the record before [it] at the time of the motion, including affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc.*, 313 F.3d at 344 (citation omitted).

Plaintiffs' argument that "UBS has nineteen (19) offices established in the state of Texas," and the presence of these offices in Texas is sufficient to establish personal jurisdiction over "the nonresident UBS subsidiaries" was not made in response to Defendants' motion or presented to the magistrate judge for consideration in ruling on the motion. Plaintiffs, instead, raised this argument for the first time in their objections to the Report.  Under Federal Rule of Civil Procedure 72(b)(3), the district court "may receive further evidence" in resolving objections to the magistrate judge's recommended disposition of a dispositive motion.  The unsworn assertions in Plaintiff's objections, however, do not qualify as evidence.  Moreover, even if the court construed Plaintiffs' objection as a request to amend their pleadings to add the allegation regarding the presence of 19 UBS offices in Texas, the court agrees, for the reasons included in Defendants' response to Plaintiffs' objection, that such an allegation, even if accepted as true, would be insufficient without

more to establish a prima facie case of personal jurisdiction (general or specific) against either Defendant. *See* Defs.' Resp. 4.

Further, having considered Defendants' Motion to Dismiss, the parties' briefs and evidence, Plaintiffs' pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made by Plaintiffs, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections to the Report; **grants** Defendants' Motion to Dismiss (Doc. 10); and **dismisses without prejudice** this action against Defendants for lack of personal jurisdiction.

**It is so ordered** this 27th day of October, 2022.

Sam A. Lindsay
United States District Judge